IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEWART MERRITTS, JR., | ) | Case No. 3:18-cv-212 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE RICHARDS, EDWARD | ) | |
| BETTWY, MARK CHAPPELL, | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| TRANSPORTATION, and | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before the Court is the Motion to Dismiss Plaintiff's Complaint (ECF No. 4) filed by Defendants Leslie Richards, Edward Bettwy, Mark Chappell, Pennsylvania Department of Transportation ("PennDOT"), and the Commonwealth of Pennsylvania (the "Commonwealth") (collectively, "Defendants"). The Motion has been fully briefed (*see* ECF Nos. 5, 7) and is ripe for disposition. For the reasons stated below, the Court will **GRANT** Defendants' Motion and will dismiss Plaintiff's Complaint with prejudice.

II. Background

Plaintiff Stewart Merritts ("Plaintiff") owns two parcels of land in Frankstown Township, Pennsylvania, totaling approximately 1.5 acres. (ECF No. 1 ¶¶ 12-13.) In February 2016, PennDOT offered to purchase a portion of Plaintiff's property—specifically, 1,150 square feet for a drainage easement and approximately 2,900 square feet for a

temporary construction easement—for $500. (*Id.* ¶¶ 13-14.) Plaintiff made a counteroffer (*id.* ¶ 15), and PennDOT subsequently filed a declaration of taking against Plaintiff's property (*id.* ¶ 16) in the Blair County Court of Common Pleas (*id.* ¶ 25). After Plaintiff's preliminary objection[1] was dismissed (*id.* ¶¶ 24-34), Plaintiff appealed to the Commonwealth Court of Pennsylvania, which affirmed the Court of Common Pleas' decision (*id.* ¶ 35).

Plaintiff then "removed" the case to this Court.[2] *See In re Condemnation by Pa. Dep't of Transp.*, Case No. 3:18-cv-57, 2018 WL 4100032, at *1 (W.D. Pa. Aug. 28, 2018). This Court dismissed the action for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, the *Burford* abstention doctrine, and the well-pleaded complaint rule. *Id.* at *3-5. Plaintiff then filed a motion for reconsideration, which the Court denied. *See In re: Condemnation by the Commw. of Pa., Dep't of Transp., of Right-of-Way for State Route 0022, Section 034, in the Twp. of Frankstown*, Case No. 3:18-cv-57, 2018 WL 5619713, at *1 (W.D. Pa. Oct. 30, 2018). Plaintiff's appeal of this Court's orders on the motion for reconsideration and motion to dismiss is pending.

On October 22, 2018, Plaintiff filed his Complaint in the present action. (ECF No. 1.) In the Complaint, Plaintiff brings seventeen counts, including (1) a 42 U.S.C. § 1983 claim based on violations of the Fifth and Fourteenth Amendments of the U.S. Constitution; (2) a § 1983 claim based on an unreasonable seizure of Plaintiff's property; (3) a § 1983

---

[1] In his Complaint, Plaintiff does not indicate the precise grounds on which his preliminary objection was based.

[2] In spite of its otherwise detailed recounting of this dispute's procedural history, Plaintiff's Complaint noticeably fails to even mention his attempted "removal" to this Court, although this Court dismissed his removal action a mere two months before Plaintiff filed the present Complaint.

2

substantive due process claim; (4) a § 1983 procedural due process claim; (5) a § 1983 claim for conspiracy; (6) a state-law negligence claim; (7) a state-law gross negligence claim; (8) a state constitutional claim based on Article I, Section I of the Pennsylvania Constitution; (9) a state constitutional claim based on Article I, Section 8 of the Pennsylvania Constitution; (10) a state-law conversion claim; (11) a state-law trespass claim; (12) a state-law conspiracy claim; (13) a claim based on "unlawful custom, pattern and practice" against the Commonwealth and PennDOT; (14) a claim for declaratory relief; (15) a claim for injunctive relief against Defendant Richards in her official capacity; (16) a claim for a preliminary injunction; and (17) a claim for monetary relief. (*Id.* ¶¶ 42-119.)

Generally, Plaintiff's Complaint alleges that the eminent domain action was improper for three reasons. First, Plaintiff alleges that he "is the lawful assign to a land warrant issued to a Daniel Lowry on February 4, 1755." (*Id.* ¶ 36.) Plaintiff argues that "[a] state's claim of sovereign power must be based on holding the original sovereign title to land, and conveying portions of its lands into private ownership by its laws." (*Id.*) Because a private individual owned Plaintiff's land before the Commonwealth of Pennsylvania existed, and because "[t]here is no evidence in the records and chain of title that the Commonwealth ever owned or was a party to title to the land," the Commonwealth cannot exercise its eminent domain power over the land.[3] (*Id.* ¶¶ 36-37, 48-49, 56.) Furthermore, according to Plaintiff, "[a]ll of the Defendants are aware of the unique title history of Plaintiff's land that makes the land exempt from eminent domain actions, and nonetheless

---

[3] Plaintiff made a similar argument in his previous case before this Court, which this Court rejected. *See In re Condemnation*, 2018 WL 5619713, at *6.

3

pursued a taking of Plaintiff's land." (*Id.* ¶ 40.) Thus, "Defendants [*sic*] taking of Plaintiff's land was done with the knowledge that said taking was unconstitutional and malice aforethought." (*Id.*)

Second, Plaintiff alleges that the compensation he received for the taking of his land was not "just," in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id.* ¶¶ 43-44, 54.)

Third, Plaintiff argues that "[t]he uses to which the Defendants intend to put the seized property—destruction, extinguishment, or direct or indirect transfer to a private party—are not public uses within the meaning of Article 1, § 10, of the Pennsylvania Constitution, and therefore violate that Section." (*Id.* ¶ 106.)

Defendants moved to dismiss Plaintiff's Complaint (ECF No. 4) based on a lack of subject-matter jurisdiction (ECF No. 5 at 4). Defendants argue that (1) Plaintiff failed to allege a cognizable § 1983 claim (*id.* at 6-7); (2) Plaintiff's claims are barred by the Eleventh Amendment (*id.* at 7-9); (3) Plaintiff's claims are barred by the doctrines of full faith and credit and collateral estoppel (*id.* at 9-10); (4) the *Rooker-Feldman* doctrine bars Plaintiff's claims (*id.* at 10-11); and (5) the Court should decline to exercise jurisdiction based on *Burford* abstention (*id.* at 12-14).

### III. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), under which a complaint may be dismissed for lack of subject-matter jurisdiction, puts the court's "very power to hear the case" at issue. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). There

4

are two types of 12(b)(1) challenges: facial and factual. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632-33 (3d Cir. 2017); *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016).

A facial challenge "attacks the complaint on its face without contesting its alleged facts." *Hartig*, 836 F.3d at 268. This type of challenge is treated like a Rule 12(b)(6) motion in that the court must assume that the complaint's well-pleaded factual allegations are true. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *Hartig*, 836 F.3d at 268. Facial challenges address issues such as whether the complaint presents a question of federal law or pleads diversity jurisdiction, and such attacks can occur before the moving party has filed an answer. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

In contrast, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* This challenge "allows the defendant to present competing facts," *id.*; *see Davis*, 824 F.3d at 346, and the court does not assume that the plaintiff's allegations are true. *Davis*, 824 F.3d at 346. For example, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Constitution Party*, 757 F.3d at 358.

In order to tell the difference between a facial and factual attack, the court looks to the stage of the proceedings: if a complaint is challenged under Rule 12(b)(1) before the defendant answered the complaint or otherwise presented competing facts, it is a facial attack. *Id.; Davis*, 824 F.3d at 2016. Here, Defendants have not yet answered the Complaint

5

and have not presented competing facts, so Defendants' Motion will be treated as a facial attack.

IV. Discussion

Pursuant to the Eleventh Amendment, the Court will dismiss all of Plaintiff's claims except for those federal claims that are asserted against Defendants Richards, Bettwy, and Chappell in their individual capacities. Further, the Court will dismiss Plaintiff's entire Complaint for lack of subject-matter jurisdiction based on the application of *Burford* abstention.[4]

A. The Eleventh Amendment

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[5] U.S. Const. amend. XI. The Supreme Court "has long 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition . . . which it confirms.'" *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (citations omitted)). This presupposition is that "the States entered the federal system with their sovereignty intact [and] that the judicial

---

[4] Defendants raise other arguments for dismissal that this Court need not address.
[5] The Supreme the Court has long held that "the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). Furthermore, courts have extended Eleventh Amendment protection to state agencies, departments, and officials when the state is the real party in interest. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

authority in Article III is limited by this sovereignty." *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991) (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987)). "Accordingly, for over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel*, 528 U.S. at 73 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–670 (1999)).

But "a state's Eleventh Amendment protection from federal suits—whether brought by citizens of their state or another—is not absolute." *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). Federal courts recognize three exceptions to Eleventh Amendment sovereign immunity: (1) congressional abrogation, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); (2) waiver by the state, *Koslow*, 302 F.3d at 168 (citing *Coll. Sav. Bank*, 527 U.S. at 670) (citations omitted)); and (3) "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law," which is the doctrine of *Ex parte Young*, 209 U.S. 123 (1908).[6] *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *see Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal

---

[6] As the Supreme Court has noted, *Ex Parte Young* rests on the "obvious fiction" that an official capacity suit seeking prospective injunctive relief "is not really against the State, but rather against an individual who has been 'stripped of his official representative character' because of his unlawful conduct." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 267 (2011) (quoting *Ex Parte Young*, 209 U.S. at 159-160.) Thus, "*Ex parte Young* also rests on the 'well-recognized irony that an official's unconstitutional conduct constitutes state action under the Fourteenth Amendment but not the Eleventh Amendment.'" *Va. Office for Prot. & Advocacy*, 563 U.S. at 272 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984) (internal quotation marks omitted)).

7

court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief"). "In determining whether the *Ex Parte Young* doctrine avoids an Eleventh Amendment bar, the Supreme Court has made it quite clear that 'a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."'" *Pa. Fed'n of Sportsmen's Clubs*, 297 F.3d at 324 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). The court must conduct this inquiry on a claim-by-claim basis, as "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

### 1. Claims against the Commonwealth and PennDOT

It is clear that Plaintiff's Complaint must be dismissed based on lack of subject-matter jurisdiction to the extent Plaintiff asserts claims against PennDOT and the Commonwealth. *See Warner v. Pennsylvania*, 569 F. App'x 70, 72 (3d Cir. 2014) (dismissing claims against the Commonwealth and PennDOT based on state sovereign immunity when the Commonwealth had not waived its immunity and Congress had not abrogated the Commonwealth's immunity); *Erie CPR v. Pa. Dep't of Transp.*, Civil Action No. 18-124, 2018 WL 5442448, at *17 (W.D. Pa. Oct. 29, 2018) ("The Third Circuit Court of Appeals and district courts in this circuit have repeatedly held that, as an arm of the Commonwealth, PennDOT enjoys Eleventh Amendment immunity. Consequently, Plaintiffs' § 1983 claim against PennDOT will be dismissed." (citations omitted)); *see also Pennhurst State Sch. & Hosp.*, 465 U.S. at 120 ("[I]f a § 1983 action alleging a constitutional claim is brought directly against a

8

State, the Eleventh Amendment bars a federal court from granting any relief on that claim."). The Commonwealth has not waived its immunity, *see infra* note 7, nor does Plaintiff argue that Congress abrogated the Commonwealth's sovereign immunity in circumstances relevant to this case, *see Lyman v. Phila. Ct. of Common Pleas Domestic Relations Div.*, No. 17-2667, 2018 WL 4566270, at *4 n.4 (3d Cir. Sept. 24, 2018) (noting that "Congress did not specifically abrogate the states' Eleventh Amendment immunity in enacting § 1983").

## 2. Claims against Defendants Richards, Bettwy, and Chappell

With regard to Plaintiff's claims against Defendants Richards, Bettwy, and Chappell in their official capacities, in Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 7), Plaintiff focuses on the *Ex parte Young* exception to immunity[7] when arguing that his Complaint should not be dismissed for lack of subject-matter jurisdiction based on Eleventh Amendment immunity.

However, the *Ex parte Young* exception to governmental immunity does not apply to suits against state officials on the basis of state law. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 106 ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.

---

[7] While Plaintiff briefly asserts that the Commonwealth waived governmental immunity pursuant to 42 Pa. Cons. Stat. § 8522 (ECF No. 1 ¶ 6; ECF No. 7 at 15), this argument is unfounded. *See* 42 Pa. Cons. Stat. § 8521 ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Warner*, 569 F. App'x at 72 ("While states can waive their Eleventh Amendment immunity, Pennsylvania has not done so." (citations omitted)); *Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 165 (3d Cir. 2011) ("[T]he Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute." (citing *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000))).

9

. . . We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law."); *id.* at 117 ("The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself."); *Balsam v. Sec'y of N.J.*, 607 F. App'x 177, 184-85 (3d Cir. Apr. 8, 2015) (affirming the dismissal of state law claims because "state officials are immune from suits in federal court based on violations of state law"); *Kretchmar v. Beard*, 241 F. App'x 863, 865 (3d Cir. 2007) ("Individual state officials may not be sued in federal court for violations of state law, unless immunity has been waived."); *Pa. Fed'n of Sportsmen's Clubs*, 297 F.3d at 325 ("Simply put, the Eleventh Amendment prohibits a federal court from considering a claim that a state official violated state law in carrying out his or her official responsibilities."). Defendants Richards, Bettwy, and Chappell, as PennDOT officials, are state officials. Plaintiff brings various state law claims against them, including Counts VI through XII. (ECF No 1 ¶¶ 62-93.) Therefore, Counts VI though XII must be dismissed for lack of subject-matter jurisdiction, as they are barred by the Eleventh Amendment.

Moreover, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to claims for money damages, as this relief is not "prospective." *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 120 ("For example, if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution."); *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (explaining that in order for

10

the *Ex parte Young* exception to Eleventh Amendment immunity to apply, the relief sought cannot be retrospective, such as money damages); *McCleester v. Dep't of Labor & Indus.*, Civil Action No. 3:06-120, 2007 WL 2071616, at *8 (W.D. Pa. July 16, 2007) (Gibson, J.) (dismissing federal claims to the extent the plaintiff sought monetary relief from individuals sued in their official capacity based on the Eleventh Amendment). Therefore, Counts I through XII and Count XVII are dismissed to the extent Plaintiff seeks retrospective relief in the form of damages from Defendants Richards, Bettwy, and Chappell in their official capacities, as these claims are barred by the Eleventh Amendment.

Finally, while the *Ex parte Young* exception does not bar claims for prospective relief against defendants who are sued in their official capacities, the requirements of this exception are not met in this case as Plaintiff does not allege an ongoing violation of federal law.

Plaintiff makes various demands for injunctions throughout the Complaint. The first such reference is found in Count XI, which is a state-law trespass claim involving a request to "restrain[] the Secretary of Transportation, her agents, employees, and successors in office or position from physically interfering with Plaintiff's land and from further legal action relating to her effort to take Plaintiff's land." (ECF No. 1 ¶ 88.) In Count XV, Plaintiff generally seeks "prospective relief under the Ex parte Young Doctrine to enjoin Secretary of Transportation Richards, in her Official Capacity, and her[] employees, and successors in office or position from engaging in ongoing violations of his Constitutional Rights." (*Id.* ¶ 109.) Plaintiff requests that this Court enjoin (1) "[t]he continued wrongful claim to ownership of Plaintiff's land under color of official sanction, with detriment and loss of the

11

Plaintiff"; (2) "[p]rospective physical intrusions and trespasses onto Plaintiff's land by Defendant Richards and her agents"; (3) "[f]uture continued denial of proper compensation to the Plaintiff in violation of the Just Compensation Clause"; and (4) "[p]rospective interference with Plaintiff's Constitutional right of acquiring, possessing, and protecting property." (*Id.* ¶ 110.) Finally, in Count XVI, Plaintiff indicates that an injunction is necessary because "Defendants' highway construction project is approaching the Plaintiff's property while the State's unconstitutional ruling granting Defendants possession of his property remains in effect," which "poses an imminenet [*sic*] threat to Plaintiff." (*Id.* ¶¶ 113-14.)

As explained above, demands for injunctions against those acting in their official capacities generally fall within the purview of the *Ex parte Young* exception. *See, e.g., Pa. Fed'n of Sportsmen's Clubs*, 297 F.3d at 323. However, "[i]n determining whether the *Ex Parte Young* doctrine avoids an Eleventh Amendment bar, the Supreme Court has made it quite clear that 'a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."'" *Id.* at 324 (quoting *Verizon Md.*, 535 U.S. at 645).

Here, the Court concludes that Plaintiff does not actually seek prospective relief—instead, Plaintiff seeks to challenge the *past* taking of his property. (*See, e.g.*, ECF No. 1 ¶ 110 (seeking to enjoin "[t]he continued wrongful claim to ownership of Plaintiff's land"); *id.* ¶ 110 (seeking to enjoin "[f]uture continued denial of proper compensation to Plaintiff")); *Papasan v. Allain*, 478 U.S. 265, 276 (1986) ("Consequently, *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed

to cases in which federal law has been violated at one time or over a period of time in the past . . . ."); *Nat'l R.R. Passenger Corp. v. McDonald*, 978 F. Supp. 2d 215, 231-32 (S.D.N.Y. 2013) (finding, under similar circumstances, that declaratory and injunctive relief related to a past taking was barred by the Eleventh Amendment). By challenging Defendants' claim of ownership to Plaintiff's land and Defendants' authority to enter onto Plaintiff's land, Plaintiff is challenging "by-product[s] of the taking itself." *Nat'l R.R. Passenger Corp.*, 978 F. Supp. 2d at 231. "To characterize this as 'prospective' relief would permit [Plaintiff] to challenge the [Commonwealth's] taking at any point in the future—even decades after the appropriation—and surmount the Eleventh Amendment bar." *Id.* at 231-32.

Although Plaintiff acknowledges the *Ex parte Young* standard is his brief, he does not identify relief he seeks that is "properly characterized as prospective." *Verizon Md.*, 535 U.S. at 645 (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). Instead, he broadly claims that "Merrits [sic] has properly alleged a claim under the Ex parte Young Doctrine for prospective relief to enjoin Richards and other state officials from acting in violation of the Constitution." (ECF No. 7 at 12.) Plaintiff cannot overcome the prospective relief requirement of the *Ex parte Young* exception by simply adding words like "prospective," "continued," and "future" to his allegations. (*See* ECF No. 1 ¶ 110; ECF No. 7 at 12.)

Because Plaintiff is clearly seeking relief for a past injury allegedly caused by state officials, Plaintiff's Complaint is dismissed to the extent he seeks injunctive relief from

Defendants Richards, Bettwy, and Chappell in their official capacities.[8] Count XIV, which seeks declaratory relief, is also dismissed because the relief sought is retrospective and thus is barred by the Eleventh Amendment. (*See* ECF No. 1 ¶ 108 (seeking a declaratory judgment that Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated by Defendants).)

In conclusion, this Court will dismiss all of Plaintiff's claims against PennDOT and the Commonwealth.[9] The Court will also dismiss the state-law claims in Counts VI through XII. The Court will also dismiss Plaintiff's claims against Richards, Bettwy, and Chappell in their official capacities, whether the claims seek damages or injunctive or declaratory relief.[10] Thus, the only claims that remain for disposition are Counts I through V, Count XIV, Count XVI, and Count XVII, to the extent they are asserted against Defendants Richards, Bettwy, and Chappell in their individual capacities. However, the Court will dismiss these claims based on *Burford* abstention, discussed below.

### B. *Burford* Abstention

Defendants also argue for dismissal based on *Burford* abstention. (ECF No. 5 at 12-14.) The Court has already extensively analyzed *Burford* as it relates to the present facts in its previous two opinions in the "removal" lawsuit. *See In re Condemnation*, 2018 WL

---

[8] Moreover, it is not clear that all the injunctive relief Plaintiff seeks is for ongoing violations of *federal* law. (*See* ECF No. 1 ¶ 110 (seeking to enjoin "[p]rospective physical intrusions and trespasses onto Plaintiff's land").)

[9] This includes Count I through Count XIV, Count XVI, and Count XVII, to the extent these claims are asserted against Defendants the Commonwealth and PennDOT.

[10] This includes Count I through Count XII and Count XIV through Count XVII, to the extent these claims are asserted against Defendants Richards, Bettwy, and Chappell in their official capacities.

14

4100032, at *4-5; *In re: Condemnation*, 2018 WL 5619713, at *6. Thus, this discussion will be brief.

Under *Burford*, "a district court may decline to exercise or postpone jurisdiction, even diversity jurisdiction, 'where a difficult question of state law is presented which involves important state policies or administrative concerns.'" *Rucci v. Cranberry Twp.*, 130 F. App'x 572, 577 (3d Cir. 2005) (quoting *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982)).

As this Court has determined twice before, *see In re Condemnation*, 2018 WL 4100032, at *4-5; *In re: Condemnation*, 2018 WL 5619713, at *6, and for the same reasons, the Court will abstain from deciding the issues presented in this case under *Burford*. Pennsylvania has a strong interest in establishing and administering a coherent and uniform policy regarding eminent domain, an inherently local matter of substantial public concern. *See Rucci v. Cranberry Twp.*, 130 F. App'x 572, 577 (3d Cir. 2005); *Coles v. City of Phila.*, 145 F. Supp. 2d 646, 652 (E.D. Pa. 2001). Accordingly, like the district court in *Coles*, the Court will "exercise [its] discretion and abstain under *Burford* to avoid disrupting the efforts of the Commonwealth of Pennsylvania 'to establish a coherent policy with respect to a matter of substantial public concern.'" *Coles*, 145 F. Supp. 2d at 652 (citations omitted). Therefore, in addition to the Eleventh Amendment grounds discussed above, the Court will dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction based on the application of *Burford* abstention.

Plaintiff argues that "[a]lthough eminent domain may be considered a state-law matter, the subject matter of the complaint before this Court is not about state eminent

15

domain procedures." (ECF No. 7 at 8.) Instead, Plaintiff asserts, he "states a claim for *inter alia* violation of his constitutional rights under the 4th, 5th, and 14th Amendment [*sic*] of the United States Constitution and invokes the original jurisdiction of this Court under 42 U.S.C. § 1983 and under the Ex parte Young Doctrine." (*Id.*) This argument is unpersuasive, however, as a review of Plaintiff's Complaint makes clear that Plaintiff is challenging the Commonwealth's eminent domain procedures, albeit through a different vehicle than in his previous "removal" to this Court. (*See, e.g.*, ECF No. 1 ¶¶ 36-37, 40-41, 48, 56 (claiming that Defendants improperly utilized eminent domain procedures to take Plaintiff's property based on, *inter alia*, his property's "unique ownership history"); *id.* ¶ 44 (complaining that "Plaintiff has exhausted available state procedures for obtaining just compensation and has been denied just compensation"); *id.* ¶¶ 95-105 (challenging the Commonwealth and PennDOT's eminent domain practices and procedures, including the "lack of an effective internal review procedure" and PennDOT's failure to "properly train, prosecute, supervise and discipline its officers").) Because Plaintiff's contentions plainly implicate the "significant state policies and administrative concerns underlying [the Commonwealth's] eminent domain proceedings," this Court will abstain under *Burford*. *See Cole*, 145 F. Supp. 2d at 652.

## V. Conclusion

For the reasons stated above, the Court holds that it lacks subject-matter jurisdiction over this case. Accordingly, the Court will **DISMISS** Plaintiff's Complaint (ECF No. 1) **with prejudice**, as amendment would not cure the aforementioned deficiencies.

An appropriate order follows.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART MERRITTS, JR., | ) | Case No. 3:18-cv-212 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE RICHARDS, EDWARD | ) | |
| BETTWY, MARK CHAPPELL, | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| TRANSPORTATION, and | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 11th day of January, 2019, upon consideration of Defendants' Motion to Dismiss (ECF No. 4), and in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE